PETITION FOR REVOCATION OF A DECREE FOR ADOPTION OF A MINOR. December 30, 1960. Decree affirmed. The petitioner agreed to the adoption of her daughter by documents dated about six months after the latter's birth in Essex County in May, 1953. The Catholic Charitable Bureau was sponsor for the child's adoption on January 22, 1957, by the respondents with whom the child has been since she was nine days old. The petition for the revocation of the adoption decree alleges that the respondents had no domicil in Essex County when they filed the petition for adoption and that the Probate Court there had no jurisdiction under G. L. c. 210, § 1. The petition for revocation was dismissed and the petitioner has appealed. The docket indicates that the transcript of testimony before the probate judge was never filed with the register of probate. See Rule 19 of the Probate Court Rules (1959). When the probate judge did not approve the designation of the transcript as a part of the record on appeal, the petitioner failed to print the transcript as an appendix to her brief. See Rule 2 of the Rules for the Regulation of Practice before the Full Court (1952) as amended December 12, 1955, 328 Mass. 693-695. The transcript thus is not before us. The probate judge, by what is in effect a report of material facts, found subsidiary facts which justify the conclusion that the adopting parents had a domicil in Essex County in 1953 which has continued (see Restatement 2d: Conflict of Laws, Tent. draft no. 2, April 22, 1954, § 23) despite their physical absence from Massachusetts from time to time. A contrary conclusion, even if permissible, was not required by other subsidiary facts found.

*Mildred E. Pigott,* pro se.

*Moses I. Simon,* for the respondents.